Case 2:18-cv-00064   Document 40   Filed on 03/20/19 in TXSD   Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
March 20, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| BILLY T. GREEN, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:18-CV-64 |
| | § | |
| CHRISTUS SPOHN HEALTH SYSTEM, | § | |
| | § | |
| Defendant. | § | |

# **ORDER**

In this civil action, Plaintiff alleges he was discriminated against and wrongfully terminated by Defendant in violation of the Family Medical Leave Act, 29 U.S.C. § 2601, *et seq.* Pending is Plaintiff's Motion to Show Authority (D.E. 34), Defendant's Response (D.E. 37), and Plaintiff's Reply. (D.E. 39). This case has been referred to the undersigned magistrate judge for case management pursuant to 28 U.S.C. § 636. (D.E. 24).

The pending motion involves the issue of whether counsel for Plaintiff may informally interview or otherwise communicate with employees of Defendant without first coordinating the communication with defense counsel. A hearing was held on today's date at which the parties appeared by telephone. This order summarizes the rulings made on the record.

Defense counsel maintains that, without her authorization, Plaintiff's counsel's communication with any of Defendant's employees is unethical and in violation of the

Texas Disciplinary Rules for attorneys because she represents all employees of Defendant. Defense counsel also argues Plaintiff has a history of harassing and threatening behavior toward Defendant's employees. Defense counsel further maintains some of Defendant's employees do not want to be contacted by Plaintiff's counsel.

The Court has the authority to manage the conduct of the lawyers during the course of this litigation. *See Howell v. State Bar of Texas*, 843 F.2d 205, 206 (5th Cir. 1988) ("Since the early days of English common law, it has been widely recognized that courts possess the inherent power to regulate the conduct of attorneys who practice before them and to discipline or disbar such of those attorneys as are guilty of unprofessional conduct.") The undersigned finds regulating the conduct of the lawyers during the course of this litigation and resolving this dispute is a matter within the discretion of the Court. As an initial matter, the undersigned need not address the alleged prior behavior or misbehavior of Plaintiff. While the prior conduct of a party may be important in some circumstances, the main issue here is the conduct of Plaintiff's counsel, not Plaintiff.

With regard to contacting fact witness employees of Defendant, the Court is guided by Rule 4.02 of the Texas Disciplinary Rules of Professional Conduct for attorneys. Rule 4.02 provides

> **Rule 4.02. Communication with One Represented by Counsel**
>
> (a) In representing a client, a lawyer shall not communicate or cause or encourage another to communicate about the subject of the representation with a person, organization or entity of government the lawyer knows to be represented by another

> lawyer regarding that subject, unless the lawyer has the consent of the other lawyer or is authorized by law to do so.
>
> (b) In representing a client, a lawyer shall not communicate or cause another to communicate about the subject of representation with a person or organization a lawyer knows to be employed or retained for the purpose of conferring with or advising another lawyer about the subject of the representation, unless the lawyer has the consent of the other lawyer or is authorized by law to do so.
>
> (c) For the purpose of this rule, "organization or entity of government" includes: (1) those persons presently having a managerial responsibility with an organization or entity of government that relates to the subject of the representation, or (2) those persons presently employed by such organization or entity and whose act or omission in connection with the subject of representation may make the organization or entity of government vicariously liable for such act or omission.
>
> (d) When a person, organization, or entity of government that is represented by a lawyer in a matter seeks advice regarding that matter from another lawyer, the second lawyer is not prohibited by paragraph (a) from giving such advice without notifying or seeking consent of the first lawyer.

Defense counsel's position that she represents all of the Defendant's employees is overly broad. The undersigned is of the opinion that Defense counsel may not thwart Plaintiff's counsel's investigation by claiming to represent all employees of Defendant. An attorney has an ethical obligation to investigate and prepare. Informal investigation outside of the formal discovery process is important to the efficient and cost-effective resolution of civil disputes. This analysis is supported by Comment 4 to the Rule, which states, "[T]his Rule does not prohibit a lawyer from contacting a former employee of a represented organization or entity of government, nor from contacting a person presently employed by such an organization or entity whose conduct is not a matter at issue but

who might possess knowledge concerning the matter at issue." Tex. Disciplinary Rules Prof'l Conduct, R. 4.02 cmt.

With regard to the conduct of Plaintiff's counsel, the undersigned finds he may interview fact witness employees of Defendant so long as those witnesses are not managers or persons whose acts or omissions in connection with this case may subject the Defendant to liability to Plaintiff. Of course, this communication must be professional and courteous and must end if the witness does not want to be interviewed or contacted.

It is ORDERED that Plaintiff's counsel may interview fact witness employees of Defendant without notice to defense counsel so long as those witnesses are not:

1. persons presently having a managerial responsibility with the Defendant that relates to the subject matter of this case, or

2. persons whose acts or omissions in connection with this case may subject the Defendant to liability to Plaintiff.

It is further ORDERED that, before 5:00 p.m. on Friday, March 22, 2019, counsel for Defendant will provide to counsel for Plaintiff a list of Defendant employees presently having a managerial responsibility that relates to the subject matter of this case.

ORDERED this 20th day of March 2019.

_____
Jason B. Libby
United States Magistrate Judge