Case 2:18-cv-00064   Document 52   Filed on 09/05/19 in TXSD   Page 1 of 5

United States District Court
Southern District of Texas
**ENTERED**
September 05, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| LIBARDO TABOADA, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 2:18-CV-453 |
| | § | |
| STATE FARM LLOYDS, *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER DISMISSING CLAIMS

Plaintiffs have had five opportunities to comply with the substantive requirements for notice letters, as set out in Texas Insurance Code §§ 542A.003 and 541.154. First, they could have complied when they gave pre-suit notice on August 21, 2018. Instead, they sent a non-compliant letter, expressly protesting the legislative requirements. *See* D.E. 5-1.

Second, they could have complied after Defendant filed its verified plea in abatement (D.E. 5), as required by section 542A.005(c). Instead, they did nothing. And their failure to file an affidavit in response made abatement pending the service of a new notice letter automatic under Texas law—even without Court intervention. Tex. Ins. Code § 542A.005(c). Because, under that law, the period of abatement continues for a 60-day period after a compliant letter is served, failure to serve a new letter guaranteed that this action would not move forward. Tex. Ins. Code § 542A.005(b).

Third, they could have complied after this Court found the pre-suit letter (D.E. 5-1) insufficient. On February 8, 2019, the Court granted Defendant's motion to abate with

an Order (D.E. 7) that required a new notice letter and Plaintiffs' filing of a statement of compliance within five days of serving the new notice letter. Neither was done with due diligence. The required statement of compliance was not filed at all. And a new notice letter (D.E. 9-1) was dated June 19, 2019—more than four months after the order requiring it and only after Defendant filed its motion to dismiss.

Fourth, they could have complied after the Court found the second letter (D.E. 9-1) insufficient and granted Defendant's motion to dismiss, which Defendant had modified to request only another abatement (D.E. 11). In that Order, the Court set an August 8, 2019 deadline for serving a revised notice letter in compliance with the statute. Plaintiffs were further ordered to file a statement of compliance with the Court by August 9, 2019. Instead, Plaintiffs served Defendant with a non-compliant letter and filed their statement of compliance (D.E. 13), twenty-one (21) days after the deadline set by the Court—and, again, only after Defendant filed its second motion to dismiss.

The statement of compliance misrepresents Plaintiffs' effort to conform to the statutory requirements and to abide by the orders of this Court. In their response, Plaintiffs assert that, while they failed to timely file the statement of compliance, Defendant was not prejudiced by that failure. D.E. 15, p. 2. However, the statement of compliance requirement was for the Court's use in managing its docket, as explained in the Court's first order imposing the requirement. *See*, D.E. 7, p. 2.

Fifth, they could have complied after Defendant filed its second motion to dismiss (D.E. 12), which is now pending before the Court. That motion gave Plaintiffs notice of deficiencies remaining in the current notice letter (D.E. 12-1), even after Plaintiffs had an

opportunity to consider the Court's detailed listing of the noncompliant elements of the prior notice letter (D.E. 9-1).  *See* D.E. 11.

It is clear that Plaintiffs still have not complied as they have represented.  They cured only the representation of the attorney's fees.  And they dropped two of their issues regarding Defendant's communication with Plaintiffs regarding their claim.  However, the other claims remain, each with a single additional sentence purporting to provide the specific information required by § 542A.003.

Those sentences are conclusory reiterations of the formulaic claim.  For instance, failing to adopt reasonable standards for prompt investigation is represented to, "specifically," mean that Defendant failed to perform a reasonable investigation and include unspecified damages in its analysis.  D.E. 12-1, p. 3.  Not attempting in good faith to effectuate a prompt, fair, and equitable settlement is, "specifically," stated to be a refusal to pay the amount Plaintiffs claim as evidenced by "the attached estimate of hurricane damages," without there being an attached estimate with the letter, much less an estimate that discloses what particular items are in dispute.  *Id*.

Each sentence that begins with the term "specifically" merely restates the general, conclusory claim.  Plaintiffs' letter is not formulated to give Defendant notice of the wrongful conduct of which it stands accused.  And Plaintiffs continue to expressly protest the statutory requirements they fail to meet.

While the amount demanded has gone from $283,942.53 (D.E. 5-1), down to $175,000 (D.E. 9-1), and back up to $194,972.97 (D.E. 12-1), the fact remains that these numbers involve unclear variables.  For instance, the value of a mural is sometimes

referenced and currently is not, making it unclear whether the entire claim has been included. Plaintiffs' response to the motion to dismiss indicates that it is not including any claim for the mural at this time, but reserves the right to claim it later. D.E. 15, pp. 5-6. The reason given for wanting to hold it aside is that, in the two years since the storm damaged the mural, they have been unable to find a qualified appraiser to quantify its loss. The parties dispute whether a known element of a claim may be held back for a later claim while the remainder is subject to disposition.

Also, the "Plaintiff's estimate" is not accompanied by an itemized estimate of damages for Defendant to use in comparing investigations. It is not clear whether this is a reference to a value at which Plaintiffs, themselves, have arrived or whether they are referring to the professional estimate previously submitted to Defendant. To follow Plaintiffs calculation, one would also need to know how much of the claim is assigned to the policy's deductible. This number is not quantified and cannot be derived by this Court from the record, as neither the policy nor the declarations page is attached.

Thus, the liquidation of the claim continues to defy analysis. And Plaintiffs continue to defy the statutory requirements under which they must prosecute their claims. This action has been pending since December 19, 2018. D.E. 1. Eight months have been wasted, waiting on Plaintiffs to comply with statutory requirements—requirements that are not particularly rigorous. And even if Plaintiffs were to comply at this time, the statutory 60-day abatement period would delay the case an additional two months.

The Court previously warned that it would not look favorably on additional delay in the prosecution of the case, which can only begin after a proper notice letter is

provided to Defendant.  Plaintiffs' failure to comply with this Court's orders to both supply the statutory notice letter and to do so in a timely manner is contumacious, at best.  This is apparent in Plaintiffs' resistance to satisfying its statutory requirements with facts to support their legal theories and, instead, using the notice letter to complain of those and other requirements.  It is also apparent in Plaintiffs' disregard for the Court's specific orders and deadlines.

For these reasons, the Court GRANTS IN PART the motion to dismiss (D.E. 12) and DISMISSES all of Plaintiffs' extra-contractual claims for failure to provide notice of the conduct on which they are based.  The Court further HOLDS that Plaintiffs have withdrawn from their notice any claim for known and existing damages to their mural, the legal significance of which may be addressed by the parties in future proceedings.  The motion (D.E. 12) is DENIED IN PART with respect to Plaintiffs' claim for breach of contract and damages claimed in the amount of $194,972.97.  This case is no longer abated, and a Scheduling Order will be entered.  The Court further ORDERS the parties to mediate this case within thirty (30) days of this Order.

ORDERED this 5th day of September, 2019.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE